[Cite as *State v. McCoy*, **2015-Ohio-4124**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2014CA00235 |
| MATTHEW WILLIAM MCCOY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from Stark County Court of
                             Common Pleas, Case No. 2012CR1931


JUDGMENT:                    Affirmed, in part, Reversed, in part, and
                             Final Judgment Entered


DATE OF JUDGMENT ENTRY:      September 30, 2015


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


JOHN D. FERRERO                     RODNEY A. BACA
Prosecuting Attorney,               Schnars, Baca & Infantino, LLC
Stark County, Ohio                  610 Market Ave North
                                    Canton, Ohio 44702
By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Matthew William McCoy appeals the December 3, 2014 Judgment Entry and January 7, 2015 Nunc Pro Tunc Judgment Entry entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On January 18, 2013, Appellant was indicted by the Stark County Grand Jury for operating a vehicle under the influence of alcohol, drugs or a combination of both on December 9, 2012 in Stark County, Ohio in violation of R.C. 4511.19(A)(1)(a) and/or (d); and, as Appellant had within the previous twenty years been convicted of or plead guilty to five or more equivalent offenses, the state also indicted Appellant on a repeat OVI offender specification, in violation of R.C. 2941.1413.

{¶3} Appellant entered a plea of guilty to the charges and was sentenced on March 11, 2013. The trial court sentenced Appellant to four years mandatory incarceration, and advised him of post release control. The trial court also imposed a mandatory fine and suspended Appellant's driver's license for ten years.

{¶4} On September 25, 2013, Appellant filed a motion to correct Sentencing Order pursuant to Criminal Rule 36. Appellant's motion specifically requested the trial court correct the clerical error in the sentencing order because the trial court did not impose mandatory time against Appellant in open court. Appellant argued the trial court did not notify Appellant at his change of plea hearing his sentence would or could be mandatory.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶5} Via Nunc Pro Tunc Judgment Entry: Change of Plea and Sentence of April 2, 2014 the trial court stated, in pertinent part,

IT IS THEREFORE ORDERED that the defendant be remanded to the Lorain Correctional Facility to serve a term of four (4) years in prison, pursuant to Ohio Revised Code Section 2929.13(F) on the charge of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them (with repeat OVI offender specification), 1 ct. [R.C. 4511.19(A)(1)(a) and/or (d)] (F3), and

IT IS FURTHER ORDERED that the defendant shall pay a mandatory fine in the amount of $1,350.00,***

{¶6} On July 21, 2014, Appellant filed a motion to vacate void judgment of sentence for good cause and memorandum of law in support.

{¶7} On July 24, 2014, Appellant filed a motion to withdraw guilty plea.

{¶8} On September 30, 2014, the State filed a reply to the motion to vacate void judgment of sentence. On the same date, the State filed a reply to the motion to withdraw guilty plea.

{¶9} On October 22, 2014, the trial court granted Appellant's motion to vacate void sentence. The trial court found Appellant's April 2, 2014 sentence was contrary to law because it did not sentence Appellant to any mandatory time and did not sentence Appellant on the repeat OVI offender specification.

{¶10} Via Judgment Entry filed October 22, 2014, the trial court denied Appellant's motion to withdraw guilty plea.

**{¶11}** On November 14, 2014, Appellant filed another motion to vacate void judgment of sentence.

**{¶12}** On December 3, 2014, the trial court resentenced Appellant, ordering in pertinent part,

> IT IS THEREFORE ORDERED that the defendant be remanded to the Lorain Correctional Facility to serve a term of three (3) years in prison, pursuant to Ohio Revised Code Section 2929.13(F) on the charge of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them (with repeat OVI offender specification), 1 ct. [R.C. 4511.19(A)(1)(a) and/or (d)] (F3), and

> IT IS FURTHER ORDERED  that the defendant shall serve a stated term of one (1) year in prison on the repeat OVI offender specification to be served consecutive with and prior to the sentence for Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them, 1 ct. (F3), and

> IT IS FURTHER ORDERED that the defendant shall pay a mandatory fine in the amount of $1,350.00, ***

**{¶13}** On January 7, 2015, the trial court issued a Nunc Pro Tunc entry which revised the language to read, in pertinent part,

> IT IS THEREFORE ORDERED that the defendant be remanded to the Lorain Correctional Facility to serve a mandatory term of three (3) years in prison, pursuant to Ohio Revised Code Section 2929.13(F) on the charge of Operating a Vehicle Under the Influence of Alcohol, a Drug of

Abuse or a Combination of Them (with repeat OVI offender specification), 1 ct. [R.C. 4511.19(A)(1)(a) and/or (d)] (F3), and

IT IS FURTHER ORDERED that the defendant shall serve a mandatory term of one (1) year in prison on the repeat OVI offender specification to be served consecutive with and prior to the sentence of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them, 1 ct. (F3), and

IT IS FURTHER ORDERED that the defendant shall pay a mandatory fine in the amount of $1,350.00, and***

{¶14} Appellant appeals from the December 3, 2014 Judgment Entry and the January 7, 2015 Nunc Pro Tunc Entry, assigning as error:

{¶15} "I. THE SENTENCE THAT RESULTED FROM THE APPELLANT'S CONVICTION OF OVI AND HABITUAL OFFENDER SPECIFICATION IS CONTRARY TO LAW.

{¶16} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

I.

{¶17} Via the January 7, 2015 Nunc Pro Tunc Entry, Appellant was sentenced to a mandatory term of three years on on the underlying OVI offense, in violation of R.C. 4511.19(A)(1)(a) and/or (d), and a mandatory term of one year in prison on the repeat OVI offender specification, in violation of R.C. 2941.1413, to be served consecutive with and prior to the sentence for operating a vehicle under the influence of alcohol.

{¶18} Appellant states in his brief to this Court, "The issue before this Court is the appropriate sentencing range for a third degree felony violation of R.C. 4511.19(A). 'There is currently a split amongst the Appellate Districts in Ohio regarding this issue.'" The parties' briefs then discuss the split among Appellate Districts in Ohio, particularly the Second, Ninth and Eleventh District Courts of Appeals regarding whether the range of sentence is nine to thirty-six months, or twelve to sixty months. However, we do not find the issues presented to those courts to be the issue presented herein as the trial court's sentence for the underlying OVI offense was permissible under either position.

{¶19} The appropriate sentencing range for a third degree felony OVI is not at issue herein. Rather, the issue presented to this Court is whether the mandatory sentence imposed by the trial court on the underlying OVI violation of thirty-six months mandatory incarceration is or is not required to be a mandatory term to run consecutive to the sentence imposed for the separate term imposed for the repeat OVI offender specification, which term is to be a mandatory term.

{¶20} As set forth above, Appellant was sentenced to a mandatory term of three years on the underlying OVI charge pursuant to R.C. 2929.13(F), for violating R.C. 4511.19(A)(1)(a) and /or (d), which reads, in pertinent part,

{¶21} R.C. 4511.19(A)(1)(a) and (d) provide,

   (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

   (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

\*\*\*

(d) The person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath.

{¶22} Subsection (G)(1)(e) of R.C. 4511.19 reads,

(e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following:

(i) If the offender is being sentenced for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years. In addition to the mandatory prison term or mandatory prison term and additional prison term the court

imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

**{¶23}** Appellant asserts the trial court erred in imposing a mandatory three year term of incarceration on the underlying OVI offense. Appellant cites *State v. Burkhead*, 12th Dist. 2014-02-028, 2015-Ohio-1085, arguing the trial court erred in imposing a mandatory term of incarceration on the underlying OVI offense in addition to the mandatory term imposed for the repeat OVI offender specification.  In *Burkhead* the Twelfth District held*,*

> Upon further reflection, we find that *Sturgill* was misguided and we hereby overrule *Sturgill* and its progeny to the extent it held that when an offender is convicted of a third-degree felony OVI and an accompanying habitual offender specification, R.C. 2929.13(G)(2), 2929.14(B)(4), and 4511.19(G)(1)(e) permit a maximum five-year mandatory prison term for the OVI conviction and that R.C. 2941.1413 governs the sentence for conviction of the habitual offender specification. *Although Sturgill concerned R.C. 4511.10(G)(1)(e)(i) and this case concerns R.C. 4511.19(G)(1)(e)(ii), the pertinent language of each of those divisions is substantially similar in terms of sentencing for a third-degree felony OVI offender who is also convicted of the habitual offender specification.* (Emphasis added) Instead, we find that when an offender is convicted of a third-degree felony OVI in violation of R .C. 4511.19(A)(2) and an accompanying habitual offender specification, R.C. 4511.19(G)(1)(e) and

2929.13(G)(2) provides that a mandatory prison sentence of one, two, three, four, or five years shall be imposed for the specification and the additional sentence for the underlying OVI offense is governed under R.C. 2929.14(A)(3) and (B)(4), which provide for a non-mandatory sentence of 9, 12, 18, 24, 30, or 36 months. This view is in accord with several other appellate districts. *E.g., South* at ¶ 17–18; *State v. Eckles,* 173 Ohio App.3d 606, 2007-Ohio-6220 (7th Dist.), ¶. 64-66; *State v. Smaltz, 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350, ¶. 9-11; State v. Weideman,* 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768.

R.C. 4511.19(G)(1) provides, in pertinent part:

"Whoever violates * * * (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol * * *. The court shall sentence the offender * * * under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section."

There are two items of significance in R.C. 4511.19(G)(1) for purposes of sentencing. First, the statute makes it clear that OVI sentencing is subject to the general sentencing provisions of R.C. Chapter 2929. Second, reference is made to additional sentencing provisions in divisions (G)(1)(a) to (e).***

R.C. 2929.13(G)(2), as relates to an offender convicted of a third-degree felony OVI offense and the habitual offender specification, provides that "the court shall impose upon the offender a mandatory term

of local incarceration or a mandatory prison term * * * of one, two, three, four, or five years." The offender shall serve this mandatory prison term "*consecutively to and prior to the prison term imposed for the underlying offense* and consecutively to any other mandatory prison term imposed in relation to the offense." (Emphasis added in original.) R.C. 2929.13(G)(2). The emphasized language of this statute clearly provides that the one, two, three, four, or five-year mandatory sentence referred to is the sentence for the habitual offender specification and not the underlying OVI offense.

In *Sturgill,* this court found that the defendant's sentence for the R.C. 2941.1413 habitual offender specification was authorized under R.C. 2941.1413 and must be a mandatory prison term of one, two, three, four, or five years. *Sturgill,* 2013–Ohio–4648 at ¶ 44. This court then reasoned that the reference in R.C. 4511.19(G)(1)(e)(i) to the "mandatory prison term of one, two, three, four or five years" was relating to the sentence for the underlying OVI offense and not the specification. *Id.* at ¶ 43. As discussed above, the references in R.C 4511.19(G)(1)(e)(ii) and 2941.1413 to the one, two, three, four, or five-year mandatory prison term are not references to different sentences (i.e., a sentence for the underlying OVI offense and a sentence for the habitual offender specification, respectively) as we held in *Sturgill,* but rather references the same sentence (i.e., the sentence for the habitual offender specification established by R.C. 2929.13(G)(2)).

R.C. 4511.19(G)(1)(e)(ii) also provides discretion to the sentencing court to impose a prison term in addition to the mandatory prison term for conviction of the habitual offender specification. The additional prison term is governed under the general sentencing statute, R.C. 2929.14. *See* R.C. 4511.19(G)(1) (sentence for an OVI offense shall be under R.C. Chapter 2929). R.C. 2929.14(B)(4) provides that if an offender is being sentenced for a third-degree OVI felony under R.C. 2929.13(G)(2), "the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division."

The statute goes on to provide,

"In addition to the mandatory prison term, * * * and if the offender is being sentenced for a third-degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section. The total of the additional prison term imposed under division (B)(4) * * * shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense."

R.C. 2929.14(B)(4). OVI is not a specified third-degree felony in R.C. 2929.14(A)(3)(a) and therefore any additional term for a third-degree OVI felony must be for 9, 12, 18, 24, 30 or 36 months. R.C. 2929.14(A)(3)(b).

Consequently, when an offender is convicted of a third-degree felony OVI offense under R.C. 4511.19(A)(2) and the habitual offender

specification pursuant to R.C. 2941.1413, 4511.19(G)(1)(e) provides the offender's sentence for the habitual offender specification must be a mandatory term of one, two, three, four, or five years pursuant to R.C. 2929.13(G)(2). The court may also impose an additional non-mandatory prison term for the underlying OVI offense of 9, 12, 18, 24, 30, or 36 months under R.C. 2929.14(A)(3)(b) and (B)(4). The mandatory prison term must be served consecutively to and prior to the additional non-mandatory prison term pursuant to R.C. 2929.13(G)(2).

In this case, appellant was sentenced to a mandatory prison term of four years for the habitual offender specification and a mandatory prison term of five years in regards to his underlying OVI conviction and was ordered to serve the sentences consecutively. Appellant's sentence to a mandatory prison term of four years for the R.C. 2941.1413 specification is within the permissible statutory range. However, appellant's sentence to a mandatory five-year prison term for the OVI offense is not within the permissible statutory range and is contrary to law. When an offender has been convicted of a third-degree felony OVI offense and also has been convicted of the habitual offender specification, the trial court may only impose an additional prison term of 9, 12, 18, 24, 30, or 36 months. Furthermore, the additional term is not a mandatory prison term.

{¶24} In the case sub judice, Appellant was convicted of OVI, in violation of R.C. 4511.19(A)(1)(a) and/or (d). Further, Appellant had five or more convictions or guilty

pleas to OVI offenses within the previous twenty years.  As such, we agree with the Twelfth District's holding in *Burkhead,* supra,[2] and find the trial court herein committed error in imposing a three year mandatory term of incarceration on the underlying OVI offense.

**{¶25}**  The first assignment of error is sustained.

II.

**{¶26}**  In the second assignment of error, Appellant argues the trial court abused its discretion in denying his motion to withdraw guilty plea.

**{¶27}**  Criminal Rule 32.1 provides,

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶28}**  Here, Appellant has failed to demonstrate a manifest injustice.  Appellant was initially sentenced on March 11, 2013.  Appellant argues his plea was not knowingly, voluntarily and intelligently made as his counsel was ineffective in failing to advise him of the possible maximum sentence.

**{¶29}**  Appellant bears the initial burden of demonstrating operative facts to demonstrate the lack of competent counsel.  *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E. 2nd 823 (1983).  Appellant's own self-serving statements and affidavits alleging a coerced guilty plea are insufficient to rebut the record on review.  Id.

---

[2] Appellee's brief makes no reference to *Burkhead.*

**{¶30}** Here, Appellant has offered no evidence as to his assertion counsel misadvised him of the possible maximum term, other than self-serving affidavits. Rather, the guilty plea form Appellant reviewed with counsel, as well as discussed in court, confirms Appellant was informed of the maximum potential penalty.  Appellant did not object to the plea form at the sentencing hearing.

**{¶31}** Accordingly, Appellant has not demonstrated a manifest injustice, and the second assignment of error is overruled.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur