[Cite as *State v. Weideman*, 2014-Ohio-5768.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


STATE OF OHIO,                          :          **O P I N I O N**

          Plaintiff-Appellee,          :
                                        **CASE NO. 2013-P-0100**
      - vs -                          :

JOSEPH W. WEIDEMAN,                      :

          Defendant-Appellant.        :


Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2013 CR 0433.

Judgment: Affirmed in part, reversed in part, and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH, 44266 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 231 South Chestnut Street, Ravenna, OH 44266-3023 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Joseph W. Weideman, appeals his sentence by the Portage County Court of Common Pleas following his guilty plea to one count of operating a vehicle under the influence of alcohol (OVI), with a specification of five or more convictions within the last 20 years, a felony of the third degree. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On July 11, 2013, appellant was charged by way of a three-count indictment: one count of OVI, in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(e), a third-degree felony; one count of OVI, in violation of R.C. 4511.19(A)(1)(h) & (G)(1)(d), a third-degree felony; and one count of driving under suspension, in violation of R.C. 4510.11, a first-degree misdemeanor. Both OVI charges were accompanied by an R.C. 2941.1413 specification, appellant having been convicted of five or more felony OVI offenses within the last 20 years of the date of the current offense.

{¶3} Appellant initially pled not guilty to all three counts, but he subsequently entered into a counseled plea bargain with appellee, the state of Ohio. On August 16, 2013, appellant entered a counseled written plea of guilty to one count of OVI with a specification. The state entered a nolle prosequi on the remaining two counts.

{¶4} On October 1, 2013, the trial court sentenced appellant to a five-year term of imprisonment for the underlying OVI offense and a three-year term of imprisonment for the specification, to run consecutively to each other, for a total of eight years.

{¶5} Appellant filed a motion for leave to file a delayed appeal on November 25, 2013, which was granted by this court. Appellant now appeals his sentence, raising three assignments of error. Appellant's first assignment of error states:

{¶6} "The Trial Court's sentence to a five year prison term on a third degree felony OVI was contrary to law where ORC 2929.14(A) limits the term to three years and violated this Court's controlling precedent as stated in *State v. Owen*, 2013-Ohio-2824."

{¶7} Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064,

2

2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54 (2006), paragraph three of the syllabus. Despite having significant latitude, sentencing courts are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

{¶8} Am.Sub.H.B. No. 86 ("H.B. 86"), enacted by the Ohio General Assembly in 2011, reflects the General Assembly's intent that appellate review of sentences be governed by R.C. 2953.08(G).

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). Accordingly, this court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14.

{¶9} Here, appellant argues that his five-year sentence on the underlying OVI offense is contrary to law based on this court's holding in *State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824, which was released approximately three months prior to the trial court's imposition of sentence.

3

**{¶10}** In *Owen*, this court identified a conflict between Ohio's OVI Sentencing Statute [R.C. 4511.19(G)(1)(e)] and Ohio's General Sentencing Statute, as enacted by H.B. 86 [R.C. 2929.14(A)(3) & (B)(4)]. *Owen* at ¶2, ¶18-20. "The OVI statute provides for a maximum sentence of five years for [third-degree felony OVI]. However, [the general sentencing statute] * * * has reduced the maximum prison term for third-degree felonies, with certain exceptions not applicable [to *Owen*], to three years." *Id.* at ¶2. It is one of those exceptions that distinguishes *Owen* from the case sub judice.

**MANDATORY TERM**

OVI Sentencing Statute

**{¶11}** R.C. 4511.19(G)(1)(e) states that OVI is a third-degree felony if the offender has previously been convicted of a felony OVI. R.C. 4511.19(G)(1)(e)(i)-(ii) provides for two tiers of mandatory prison terms, pursuant to R.C. 2929.13(G)(2), for offenders that are convicted and sentenced for violating R.C. 4511.19(A)(1)(a) [appellant's charge] or R.C. 4511.19(A)(2) [Owen's charge]. The two tiers are as follows: (1) for an offender who is also convicted of or pleads guilty to a R.C. 2941.1413 specification, the mandatory prison term is one, two, three, four, or five years; (2) for an offender who is not convicted of or does not plead guilty to a R.C. 2941.1413 specification, the mandatory prison term is either 60 or 120 days. R.C. 2929.13(G)(2).

General Sentencing Statute

**{¶12}** R.C. 2929.14(A)(3)(a) states that a five-year maximum prison sentence remains in effect for certain enumerated third-degree felonies. "For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be" 9, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(b). Although

4

OVI is not an offense listed in section (A)(3)(a), third-degree felony OVI offenses are specifically governed by R.C. 2929.14(B)(4), rather than section (A)(3)(b). *See* R.C. 2929.14(A).

{¶13} R.C. 2929.14(B)(4) states that when an offender is sentenced for a third-degree felony OVI offense under R.C. 2929.13(G)(2), the court "shall impose upon the offender a mandatory prison term in accordance with that division." Again, as outlined above, R.C. 2929.13(G)(2) provides two types of mandatory prison terms: (1) for an offender who is also convicted of or pleads guilty to a R.C. 2941.1413 specification, the mandatory prison term is one, two, three, four, or five years; (2) for an offender who is not convicted of or does not plead guilty to a R.C. 2941.1413 specification, the mandatory prison term is either 60 or 120 days. *Id*.

{¶14} Appellant falls under the first category, as he pled guilty to a R.C. 2941.1413 specification. Thus, his mandatory prison sentence of three years for the specification complies with both the OVI Sentencing Statute (R.C. 4511.19) and the General Sentencing statute (R.C. 2929.14). These provisions are not in conflict, and appellant's mandatory prison sentence is not contrary to law.

**ADDITIONAL TERM**

OVI Sentencing Statute

{¶15} R.C. 4511.19(G)(1)(e)(i)-(ii) provides that the court may also impose an additional prison term for the underlying third-degree OVI offense. However, when the applicable mandatory prison term is 60 or 120 days, that term plus any additional term "shall not exceed five years." *Id*.

General Sentencing Statute

5

{¶16} R.C. 2929.14(B)(4) also provides that the court may impose an additional prison term. However, any additional term must be for "any duration specified in division (A)(3) of this section." *Id.* Thus, any additional prison term must be for 9, 12, 18, 24, 30, or 36 months. R.C. 2929.14 (A)(3)(b).

{¶17} Further, when the applicable mandatory prison term is 60 or 120 days under R.C. 2929.13(G)(2), the court must adhere to two other sentencing limitations. *See* R.C. 2929.14(B)(4). First, any additional prison term must be reduced by the 60 or 120 mandatory days. *Id.* Second, any additional term plus the 60 or 120 mandatory days "shall equal one of the authorized prison terms specified in division (A)(3) of this section"—i.e., the cumulative prison term imposed under R.C. 2929.14(B)(4) must equal 9, 12, 18, 24, 30, or 36 months. *Id.*

Conflict

{¶18} It is these two statutory provisions that are in conflict. Specifically, there are two different conflicts that exist: one relates to the cumulative prison term and one relates to the additional prison term.

{¶19} Both statutes limit the cumulative prison term *only* for third-degree OVI offenders who fall under the mandatory term of 60 or 120 days. The OVI Sentencing Statute limits this cumulative prison term to a maximum of five years. R.C. 2929.13(G)(2). On the other hand, the General Sentencing Statute states this cumulative prison term must equal 9, 12, 18, 24, 30, or 36 months. *See* R.C. 2929.14(B)(4).

{¶20} This is the conflict that was identified and resolved in *Owen.* Owen was neither convicted of nor did she plead guilty to a R.C. 2941.1413 specification. Thus,

the cumulative total of Owen's mandatory prison term (120 days) plus any additional term could not exceed 36 months. *Owen* at ¶29. Because the trial court sentenced her to a total of five years in prison, Owen's sentence was contrary to law. *Id.* at ¶35. In the case sub judice, appellant pled guilty to a R.C. 2941.1413 specification; thus, the cumulative total of his prison sentence was not limited to one of the terms specified in section (A)(3)(b). Accordingly, *Owen* is distinguishable and does not control here.

**{¶21}** Further, the OVI Sentencing Statute does not appear to limit the additional prison term that may be imposed on any third-degree felony OVI offender. *See* R.C. 4511.19(G)(1)(e)(i)-(ii). In fact, the language employed by the legislature in portions of this section is nearly incomprehensible. (For an example, see the first sentence of R.C. 4511.19(G)(1)(e)(i)-(ii)). However, the General Sentencing Statute states any additional prison term must be for 9, 12, 18, 24, 30, or 36 months. *See* R.C. 2929.14(B)(4).

**{¶22}** This is the conflict that exists in the case sub judice. As these statutory provisions are in irreconcilable conflict and both are specific in nature, we hold that the later enacted General Sentencing Statute prevails over the OVI Sentencing Statute.[1] *See* R.C. 1.52; *see generally Owen*, *supra* (providing a detailed analysis of resolving conflicts between the statutes at issue).

**{¶23}** Pursuant to the General Sentencing Statute, appellant's additional prison term was required to be only 9, 12, 18, 24, 30, or 36 months. Yet the trial court imposed an additional term of five years. Accordingly, although the cumulative total of eight years was not contrary to statute, the additional five-year portion of appellant's sentence

---

1. R.C. 4511.19, as last revised, was effective as of September 23, 2011; R.C. 2929.14(B)(4), as revised by H.B. 86, was effective as of September 30, 2011. *See Owen* at ¶18-19.

exceeded the trial court's authority under R.C. 2929.14(B)(4). Thus, appellant's additional prison term is clearly and convincingly contrary to law.[2]

**{¶24}** As an aside, we note that the Ohio Supreme Court has certified a conflict on this issue. *State v. South*, 139 Ohio St.3d 1402, 2014-Ohio-2245. The conflict is stated as follows: "When a defendant is convicted of a R.C. 2941.1413 specification, does Ohio's OVI statute, R.C. 4511.19 prevail so that a five year sentence can be imposed for a third degree felony OVI or does R.C. 2929.14(A) require that the maximum sentence that can be imposed is three years?" *Id.*

**{¶25}** The conflict cases are *State v. South*, 9th Dist. Summit No. 26967, 2014-Ohio-374 and *State v. Sturgill*, 12th Dist. Clermont Nos. CA2013-01-002/003, 2013-Ohio-4648. In *South*, the Ninth District held, as we do today, that the maximum additional prison term that can be imposed for the underlying OVI offense is 36 months. *South* at ¶18.

**{¶26}** In *Sturgill*, the Twelfth District did not differentiate between (1) the additional term permitted on the underlying OVI offense and (2) the mandatory term, the length of which depends on the presence of an R.C. 2941.1413 specification. Rather, it held that the maximum mandatory term permissible on the specification is five years pursuant to both the OVI Sentencing Statute and the General Sentencing Statute. *Sturgill* at ¶44. We agree with this holding, as does the Ninth District. *See South* at ¶17. However, the *Sturgill* court further held that a "mandatory additional prison term of one, two, three, four, or five years on the specification is provided for in R.C. 2941.1413." *Sturgill* at ¶44.

---

2. The state of Ohio concedes this sentencing error in its appellate brief.

8

{¶27} R.C. 2941.1413 provides for when and how the specification may be charged; it is not, however, the governing sentencing statute for such a specification. In essence, *Sturgill* permits a double imposition of the mandatory sentence on the specification, instead of one sentence on the specification and one sentence on the underlying OVI offense. We do not believe the statutes should be read to permit this result. As *Sturgill* did not directly analyze the issue now before this court, we proceed to disposition of this matter.

{¶28} We hold that the additional portion of appellant's sentence is contrary to law, but not pursuant to this court's decision in *Owen*. Accordingly, appellant's first assignment of error has merit to the extent indicated.

{¶29} Appellant's second and third assignments of error state:

> [2.] Weideman's plea was not knowingly made in August, 2013 because Weideman was not informed of this Court's decision in Owen when he considered, and ultimately accepted, a plea.

> [3.] Weideman was denied effective assistance of counsel when his attorneys failed to argue Owen's limitation on third-degree felony OVI sentences.

{¶30} Appellant argues that because trial counsel failed to inform appellant and the trial court of the *Owen* decision, appellant's plea was not made knowingly and counsel was ineffective. As held under appellant's first assignment of error, however, *Owen* does not apply to appellant's plea or sentence. In *Owen*, this court did not engage in an analysis regarding whether a conflict existed between the two statutory provisions as they relate to an R.C. 2929.1413 specification. The issue in *Owen* regarded the cumulative prison term of an offender without a specification; the issue here is the additional prison term of an offender with a specification. Accordingly,

9

although we hold appellant's additional prison term is contrary to law, it did not result from a failure to argue *Owen*.

**{¶31}** Appellant's second and third assignments of error are without merit.

**{¶32}** For the reasons stated in this opinion, the judgment of the Portage County Court of Common Pleas is hereby affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings. Upon remand, the trial court shall resentence appellant only on his underlying OVI conviction, pursuant to R.C. 2929.14(B)(4), to an additional term of either 9, 12, 18, 24, 30, or 36 months as outlined in R.C. 2929.14(A)(3)(b).

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.