[Cite as *State v. Weideman*, 2016-Ohio-2690.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0032** |
| JOSEPH W. WEIDEMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2013 CR 0433.

Judgment: Modified and affirmed as modified.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 231 South Chestnut Street, Ravenna, OH 44266-3023 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Joseph W. Weideman, appeals his resentence by the Portage County Court of Common Pleas following our remand order. For the reasons that follow, we modify the trial court's entry on resentence and affirm as modified.

{¶2} On July 11, 2013, appellant was indicted on one count of operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(e), a third-degree felony; one count of OVI, in violation of R.C. 4511.19(A)(1)(h) & (G)(1)(d), a

third-degree felony; and one count of driving under suspension, in violation of R.C. 4510.11, a first-degree misdemeanor. Both OVI counts were accompanied by an R.C. 2941.1413 specification, appellant having been convicted of five or more felony OVI offenses within the last 20 years of the date of the current offense.

{¶3} Appellant initially pled not guilty to all three counts but later entered into a counseled plea bargain with appellee, the state of Ohio. On August 16, 2013, appellant entered a written plea of guilty to one count of OVI with a specification. The state entered a nolle prosequi on the remaining two counts. On October 1, 2013, appellant was sentenced to a five-year term of imprisonment for the underlying OVI offense and a three-year term of imprisonment for the specification, to run consecutively, for a total of eight years. Appellant was also assessed a $1500 fine, and his license was suspended for 20 years.

{¶4} Appellant was granted a delayed appeal by this court, and we affirmed in part and reversed in part the trial court's entry on sentence. *State v. Weideman*, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768. Pursuant to R.C. 2929.14(B)(4) and (A)(3)(b), the trial court was only permitted to impose a term of 9, 12, 18, 24, 30, or 36 months for the underlying OVI offense. Thus, we held that appellant's five-year term of imprisonment for the underlying OVI offense was contrary to law. *Id.* at ¶23. We affirmed the three-year term of imprisonment for the specification and instructed the trial court on remand to "resentence appellant *only* on his underlying OVI conviction, pursuant to R.C. 2929.14(B)(4), to an additional term of either 9, 12, 18, 24, 30, or 36 months as outlined in R.C. 2929.14(A)(3)(b)." *Id.* at ¶32 (emphasis added).

2

{¶5} Following remand from this court, appellant filed a motion to withdraw his plea, which the trial court denied after a hearing. The trial court then held a resentencing hearing. At the hearing, the court sentenced appellant to a three-year term of imprisonment for the underlying OVI offense but increased the term of imprisonment for the specification to five years, to run consecutively, for a total of eight years. In its entry on resentence, however, the trial court stated the reverse, mirroring appellant's original sentence. Appellant's fine was also increased to $2000, and his license suspension was increased to a lifetime suspension.

{¶6} Appellant filed a timely notice of appeal from this resentencing entry, asserting four assignments of error for our review:

> [1.] The trial court's re-sentence is contrary [to] this court's remanding instructions in case 2013-P-0100.
>
> [2.] Weideman's sentence of eight years was disproportionate to the sentences given other felony OVI defendants by the court.
>
> [3.] Weideman was denied due process of law where the trial court's sentencing entry contains a five year stated prison term for the felony OVI, but the court announced a 36 month sentence at the sentencing hearing.
>
> [4.] The denial of Weideman's motion to withdraw plea is an abuse of discretion and against the manifest weight of the evidence.

{¶7} While this appeal was pending, the trial court issued a nunc pro tunc entry, upon motion of appellee, which correctly reflects the sentence that was entered at the hearing, i.e., three years on the underlying OVI offense and five years on the specification. On October 23, 2015, we granted the state's motion to supplement the record with this nunc pro tunc entry, pursuant to App.R. 9(E). Thus, appellant's third assignment of error is without merit.

3

{¶8} Under his first assignment of error, appellant asserts the trial court exceeded its authority on remand when it imposed a five-year prison term for the specification. The state concedes error, stating: "Although the trial court could have originally imposed a term of five years in prison for the specification consecutive to a term of 36 months in prison for the underlying OVI, * * * this option was no longer available on remand." We agree.

{¶9} Our standard of review in all felony sentencing appeals is whether the trial court clearly and convincingly entered a sentence that is contrary to law. *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14, citing R.C. 2953.08(G).

{¶10} The Ohio Supreme Court has held that "the sanctions imposed for the conviction of the underlying offense are separate from those imposed for conviction of the specification, and an error in the sanction imposed for a specification does not affect the remainder of the sentence." *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, ¶16; *see also State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, ¶26. Thus, "an appellate court may not vacate and remand an entire sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification." *Evans*, *supra*, at ¶18; *see also generally State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245 (explaining why the "sentencing package doctrine" has no application in Ohio).

{¶11} As stated in our previous opinion, the decision to reverse appellant's prison term on the underlying OVI offense did not affect the remainder of his sentence. *Weideman*, *supra*, at ¶32 (instructing the trial court to "resentence appellant only on his

4

underlying OVI conviction"). In fact, the remainder of his sentence was affirmed. *Id.* The trial court therefore exceeded its authority when it treated the two prison terms as a "package" for purposes of resentencing and modified the valid portion of appellant's sentence. Thus, the five-year term of imprisonment imposed on appellant for the specification is clearly and convincingly contrary to law.

{¶12} Appellant also argues the increased fine and license suspension are contrary to law as a result of our previous remand order. Appellee did not respond to this argument in its appellate brief but suggested at oral argument that doing so exceeded the trial court's authority on remand.

{¶13} "Double jeopardy restrictions prevent a trial court from modifying a completed sentence by increasing it after execution of that sentence has commenced." *Columbus v. Messer*, 7 Ohio App.3d 266, 268 (10th Dist.1982) (citations omitted). "Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." *Id.* (citations omitted). In other words, "a trial court has no statutory authority to increase a lawful sentence after the defendant has served part of that sentence." *State v. Krymow*, 2d Dist. Montgomery No. 18138, 2000 Ohio App. LEXIS 3941, *3 (Sept. 1, 2000), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 120 (8th Dist.1986). More generally, "a court has no authority to reconsider its own valid final judgments in criminal cases." *Id.* at *4.

{¶14} Here, the trial court increased the original fine and license suspension, neither of which was legally infirm. At the time the trial court modified these portions of appellant's sentence, they had been affirmed by this court and appellant had already

5

begun serving his term of imprisonment. Thus, the trial court did not have statutory authority to modify the valid portion of appellant's sentence nor did it have authority to do so under our remand order. The trial court's modification was also precluded by appellant's right to expect finality regarding the imposed fine and license suspension. *See id.* at *3; *Necak*, *supra*, at 120, citing *Messer*, *supra*, at 268.

{¶15} Appellant's first assignment of error has merit. Appellant's sentence will be modified to reflect a 36-month term of imprisonment on the underlying OVI offense and a three-year term of imprisonment on the specification, to run consecutively, for a total of six years, and imposition of a $1500 fine and a 20-year license suspension as originally sentenced on the underlying OVI.

{¶16} Under his second assignment of error, appellant argues his prison sentence of eight years is unconstitutionally disproportionate to the offense under the Eighth Amendment to the United States Constitution. Appellant states he "received the only eight year sentence in 53 felony OVI cases even though there was no injury or accident. Further only 7 of 53 defendant's [sic] received sentences of 4 or more years." We analyze this assignment of error with regard to appellant's now-modified six-year prison sentence.

{¶17} The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Amendment is applied to the states through the Due Process Clause of the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 666 (1962), citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947).

{¶18} "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964) (citations omitted). Instances of cruel and unusual punishment are limited to those that would, under the circumstances, shock any reasonable person and shock the sense of justice of the community. *State v. Weitbrecht*, 86 Ohio St.3d 368, 370 (1999) (citations omitted). In evaluating whether a punishment is cruel and unusual, the United States Supreme Court instructs that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

> 'First, we look to the gravity of the offense and the harshness of the penalty. * * * Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. If more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive. * * * Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.'

*Weitbrecht, supra*, at 371, quoting *Solem, supra*, at 290-291.

{¶19} We also note that "the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve 'consistency' not 'uniformity.'" *State v. Palicka*, 8th Dist. Cuyahoga No. 93766, 2010-Ohio-3726, citing *State v. Klepatzki*, 8th Dist. Cuyahoga No. 81676, 2003-Ohio-1529, ¶32. "[A] consistent sentence is *not* derived from a case-by-case comparison[.]" *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶58 (emphasis added). To the contrary, it is well established that consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines to each individual case. *See, e.g., State v. Latimer*, 11th Dist. Portage No. 2011-P-0089, 2012-Ohio-3745, ¶20, citing *Swiderski, supra*, at ¶58. Thus, in order to

show a sentence is inconsistent with sentences imposed on other offenders, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing. *Id.*

**{¶20}** Here, the 36-month prison term on the underlying OVI offense and the three-year prison term on the specification are both within the statutory range. *See* R.C. 2929.14(B)(4) & 2929.13(G)(2); *see also Weideman*, *supra*. Pursuant to R.C. 2929.13(G)(2), the trial court was required to run the two prison terms consecutively. *State v. Burkhead*, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, ¶23. Nevertheless, in its sentencing entry, the trial court held that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. The trial court also stated it had considered the purposes of felony sentencing, the need for incapacitating appellant, the need for deterring appellant and others from future crime, and the need for appellant to make restitution. *See* R.C. 2929.11. Finally, because appellant failed to show that the trial court did not consider the R.C. 2929.12 factors, we presume the trial court properly considered them. *Latimer, supra,* at ¶18, quoting *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus ("'[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12'").

**{¶21}** In light of appellant's lengthy criminal history and the fact that this was appellant's sixth felony OVI offense within a 20-year time period, we do not find appellant's six-year prison sentence is "shocking" to a reasonable person or to the community's sense of justice, disproportionate to the crime, or inconsistent with other offenders sentenced under the same statutory guidelines.

8

**{¶22}** Appellant's second assignment of error is without merit.

**{¶23}** Under his fourth assignment of error, appellant argues the denial of his motion to withdraw his guilty plea was both an abuse of discretion and against the manifest weight of the evidence.

**{¶24}** "'One who enters a guilty plea has no right to withdraw it.'" *State v. Xie*, 62 Ohio St.3d 521, 526 (1992), quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Circ.1978). An appellate court therefore reviews a trial court's decision regarding a motion to withdraw a guilty plea only for an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* (8th Ed.2004) 11. "When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court." *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶18, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶25}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Motions to withdraw guilty pleas before sentencing are to be treated liberally and freely given. *Xie*, *supra*, at 527. Post-sentence motions to withdraw, on the other hand, are to be permitted only in extraordinary cases when the defendant has established the existence of a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "A manifest injustice has been defined by the Ohio Supreme Court as a 'clear or openly unjust act.'" *State v. Moore*, 2d Dist. Montgomery No.

9

24378, 2011-Ohio-4546, ¶9, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998).

**{¶26}** Appellant first asserts that his motion to withdraw should be considered a presentence motion because it was filed before he was resentenced. We do not agree.

**{¶27}** Appellant relies on *State v. Boswell*, in which the Ohio Supreme Court held that "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1." *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, at syllabus. "*Boswell* was premised on the Supreme Court's view at the time that a sentence is void in its entirety when the trial court fails to properly impose postrelease control." *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶29. The Supreme Court subsequently held, however, "that when a trial court fails to properly impose postrelease control, only that portion of the sentence is void, and resentencing is limited to that issue." *Id.* at ¶30, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

**{¶28}** "After *Fischer*, courts have questioned the continued validity of *Boswell* and generally held that 'a plea withdrawal motion filed in a case where the post-release portion of the sentence is void is to be considered a post-sentence motion.'" *Id.*, quoting *State v. Triplett*, 4th Dist. Lawrence No. 11CA24, 2012-Ohio-4529, ¶10; *see also State v. Easterly*, 7th Dist. Mahoning No. 12 MA 208, 2013-Ohio-2961, ¶19 (collecting cases); *State v. Hazel*, 10th Dist. Franklin Nos. 10AP-1013 & 10AP-1014, 2011-Ohio-4427, ¶17. This analysis has also been applied to cases that were remanded solely to correct an error regarding merger of allied offenses or to correct a restitution error. *See, e.g., Leonhart, supra*, and *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-

10

1863. In line with these cases, we hold that appellant's motion—filed after his conviction was remanded by this court solely for an in-part resentencing—is properly considered a post-sentence motion to withdraw.

{¶29} Additionally, "[t]he reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea 'is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Clark*, 11th Dist. Ashtabula No. 2009-A-0038, 2010-Ohio-1491, ¶13, quoting *Caraballo*, *supra*, at 67. Our previous remand order instructed the trial court to resentence appellant only on the prison sentence relating to the underlying OVI offense. Pursuant to statute and our opinion, appellant was aware that his possible resentence would have been in the range of 9 to 36 months imprisonment on the underlying OVI offense and that his three-year prison sentence on the specification would not be affected. To allow him to withdraw his guilty plea after having obtained this knowledge would undermine the purpose and finality reflected in Crim.R. 32.1. *See Leonhart*, *supra*, at ¶27.

{¶30} Appellant next asserts his motion to withdraw should have been granted because he allegedly entered the guilty plea with the express agreement of the prosecution and the trial court that he would only be sentenced to two years imprisonment. Aside from his own testimony at the hearing on his motion to withdraw, the record lacks any evidence in support of this argument. Appellant has therefore failed to demonstrate that a manifest injustice occurred.

{¶31} We do not find the trial court abused its discretion when it denied appellant's post-sentence motion to withdraw his guilty plea. Pursuant to our standard

of review, appellant's argument that the trial court's decision was against the manifest weight of the evidence is not well taken.

**{¶32}** Appellant's fourth assignment of error is without merit.

**{¶33}** The sentencing entry of the Portage County Court of Common Pleas is hereby modified to reflect that appellant is sentenced to a three-year term of imprisonment on the specification, to run consecutively to the underlying three-year term, for a total of six years.  Additionally, the sentencing entry is modified to reflect that the increased fine of $2000 and the lifetime license suspension imposed on remand are vacated; appellant's initial $1500 fine and 20-year license suspension are hereby imposed as originally sentenced.  The sentencing entry is affirmed as modified.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

12