[Cite as *State v. Rock*, 2016-Ohio-8516.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-011** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000525.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor; *Alana A. Rezaee* and *Karen A. Sheppert*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, David V. Rock, Jr., appeals from the judgment entered by the Lake County Court of Common Pleas on December 8, 2015, in which the trial court declined to make the findings necessary to impose consecutive sentences. That judgment was entered upon remand from this court in *State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639.

{¶2} On March 30, 2015, the Lake County Court of Common Pleas entered judgment convicting appellant of one count of operating a vehicle under the influence (OVI), a third-degree felony, in violation of R.C. 4511.19(A)(1)(a) and an accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years. Appellant was sentenced to a thirty-six month term of imprisonment for the underlying OVI and a four-year term of imprisonment for the repeat-offender specification, to run consecutive to each other and consecutive to the sentence imposed by the Ashland County Court of Common Pleas in case No. 10-CRI-081.

{¶3} Appellant filed a timely notice of appeal from the March 30, 2015 judgment and appellant challenged his sentence. *Id.* at ¶7. We found the trial court, at the sentencing hearing and in the judgment entry of sentence, failed to make the findings required by R.C. 2929.14(C)(4) in order to impose appellant's sentences for the OVI and specification consecutive to his Ashland County sentence. *Id.* at ¶11, ¶14.

{¶4} On December 7, 2015, the trial court held a hearing upon remand from this court. At that hearing, it was only necessary for the trial court to address the portion of the judgment that imposed the prison sentence for the OVI and specification consecutive to the prison sentence from Ashland County. On December 8, 2015, the trial court entered judgment and stated that it "decline[d] to make the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences. Therefore, as a matter of law, the sentence imposed in this case is concurrent with the sentence imposed in the Ashland County Court of Common Pleas, Case No. 10-CRI-081."

{¶5} This court granted appellant's January 21, 2016 motion to file a delayed appeal from the December 8, 2015 judgment and motion for appointment of appellate counsel.

{¶6} In the instant appeal, appellant assigns three assignments of error:

[1.] The trial court erred to the prejudice of the appellant by sentencing him to a total of seven years in prison, when the statute provides for a maximum sentence of five years, thus making his sentence contrary to law.

[2.] The trial court abused its discretion to the prejudice of appellant by imposing maximum sentences when consideration of the factors in 2929.12 tended to favor a lesser sentence.

[3.] The imposition of consecutive sentences is excessive for the purposes set forth in Ohio Revised Code Section 2929.11 (A) and (B), and is not necessary to protect the public.

{¶7} Appellee argues that all three of appellant's assignments of error are barred by the doctrine of res judicata. Appellee maintains that in the present appeal from the trial court's December 8, 2015 judgment, appellant raises challenges regarding his sentence that were already raised or could have been raised in his direct appeal from the trial court's March 30, 2015 judgment.

The doctrine of res judicata establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment*, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment.'

*State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995) (emphasis sic.), citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶8} Appellant asserts in his first assignment of error that both R.C. 4511.19 and R.C. 2929.13 "indicate that he should receive [a total sentence] of five years or

even less." Appellant maintains his sentence is contrary to law. He argues that because the trial court acted contrary to law when it imposed his sentence, the sentence is void, so that his argument on appeal is not barred by res judicata. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶40 ("[V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack."). However, this court need not address whether appellant's sentence is void, as the sentence is not contrary to law.

{¶9} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, citing R.C. 2953.08(G)(2).

{¶10} In support of his argument that his total sentence of seven years is contrary to law, appellant cites to *State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824. The appellant in *Owen* was convicted of one count of OVI, a third-degree felony, in violation of R.C. 4511.19(A)(2); her conviction did not include a repeat-offender specification. *Id.* at ¶3. She was sentenced to a five-year term of imprisonment, and she appealed that judgment, arguing Ohio's sentencing statutes limited her prison sentence to three years. *Id.* at ¶12. This court agreed and held that the maximum sentence authorized for third-degree felonies, other than those listed in R.C. 2929.14(A)(3)(a), is three years, so that the five-year term of imprisonment for that appellant's third-degree felony OVI was clearly and convincingly contrary to law. *Id.* at ¶29-33, ¶35.

4

**{¶11}** Unlike the appellant in *Owen*, whose third-degree felony OVI conviction did not include a repeat offender specification, here appellant's third-degree felony OVI conviction is accompanied by a repeat offender specification pursuant to R.C. 2941.1413.

**{¶12}** In *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, the Supreme Court of Ohio interpreted the sentencing statutes applicable to OVI convictions. The court analyzed R.C. 4511.19, R.C. 2941.1213, R.C. 2929.13, and R.C. 2929.14, and found that,

> offenders convicted of a third-degree-felony-OVI charge *and* a repeat-offender specification under R.C. 2941.1413 are subject to the following sentencing ranges: (1) a one- to five-year mandatory prison term for the repeat-offender specification conviction, which must be served prior to and consecutive to any additional prison term imposed under R.C. 2929.14(A)(3)(b) and (2) a discretionary 9- to 36-month definite prison term for the underlying OVI conviction.

*Id.* at ¶19 (emphasis added).

**{¶13}** It is clear that the maximum prison sentence for an offender convicted of a third-degree felony OVI with a repeat-offender specification under R.C. 2941.1413 is eight years. Here, appellant was sentenced to a four-year term of imprisonment for the repeat-offender specification to be served prior and consecutive to a thirty-six month term of imprisonment for his underlying OVI. *See State v. Weideman*, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768, ¶14, ¶23, ¶25. Appellant's prison term is a total of seven years. Therefore, appellant's total sentence is not clearly and convincingly contrary to law. *Id.* at ¶23.

**{¶14}** Appellant's first assignment of error is without merit.

**{¶15}** We address appellant's second and third assignments of error together.

5

{¶16} In his second assignment of error, appellant argues the trial court abused its discretion by imposing a maximum prison sentence on appellant's underlying OVI charge and "almost the maximum" on his repeat-offender specification. Appellant maintains that consideration of the R.C. 2929.12 factors favored a lesser sentence.

{¶17} With regard to his third assignment of error, appellant argues the trial court erred by sentencing appellant to serve his prison term for the repeat-offender specification consecutive to the prison term for his underlying OVI. Appellant maintains that imposing consecutive terms is excessive for achieving the purposes of felony sentencing set out in R.C. 2929.11(A) and (B).

{¶18} Appellant's notice of appeal states the instant appeal is from the trial court's judgment entry of December 8, 2015, in which the trial court's sole judgment was declining to make the findings under R.C. 2929.14(C)(4) in order to impose consecutive sentences. Appellee maintains that appellant's assignments of error do not pertain to that judgment. Instead, appellant assigns error to the trial court's sentencing entry from March 30, 2015, from which he previously appealed. We agree.

{¶19} Appellant had the opportunity to raise the issues in his second and third assignments of error in his direct appeal from the trial court's March 30, 2015 judgment. In his direct appeal from that judgment, appellant challenged his sentence and the trial court's consideration of the R.C. 2929.12 factors. On remand, the trial court did nothing more than revise the sentence by running it concurrent to the sentence imposed upon appellant in Ashland County.

{¶20} Appellant's second and third assignments of error are barred by the doctrine of res judicata, which "promotes the principles of finality and judicial economy

6

by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. South*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶18.

{¶21} Appellant's second and third assignments of error are without merit.

{¶22} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.