[Cite as *State v. Austin*, 2019-Ohio-3060.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0058** |
| ANDREW J. AUSTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00524.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, *Gabriel M. Wildman* and *Ashleigh Musick,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Andrew J. Austin, appeals from the judgment of the Trumbull County Court of Common Pleas, denying his Motion to Withdraw Guilty Plea. The issue to be determined in this case is whether a trial court abuses its discretion in denying a motion to withdraw a guilty plea when the defendant was not fully advised regarding post-release control requirements at the plea hearing or sentencing. For the following reasons, we affirm the decision of the court below.

{¶2} On August 10, 2017, Austin was indicted by the Trumbull County Grand

Jury for three counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2971.03(B)(1)(b) and (c), and three counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4).

{¶3} On May 4, 2018, a change of plea and sentencing hearing was held, at which Austin entered a plea of guilty to the six charges in the Amended Indictment, which included three counts of Rape, in violation of R.C. 2907.02(A)(1)(b) and 2971.03(B)(1)(b) and three counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4).[1] Prior to Austin's entry of his plea, the court reviewed the potential penalties for the offenses. It advised him that as to the Rape counts, he would face mandatory parole, and for the Gross Sexual Imposition counts, he would receive five years of post-release control sanctions upon release from prison. The court explained the rights Austin would waive by pleading guilty and inquired whether he was entering his plea voluntarily, to which he responded affirmatively. The State set forth the factual basis for the crimes, that Austin engaged in sexual acts with a minor child who was five years old. The court accepted Austin's plea and entered a finding of guilt on all six counts. Pursuant to the State's motion, the trial court ordered a nolle prosequi on the R.C. 2971.03(B)(1)(c) factual finding that the Rape offenses were committed by "purposely compel[ing] the victim to submit by force or threat of force."

{¶4} During the sentencing portion of the hearing, Austin apologized and a statement was made by the victim's representative. Following the statements of the parties, the court ordered Austin to serve concurrent prison terms of 15 years to life for each count of Rape and five years for each count of Gross Sexual Imposition, to be

---

1. A "Finding on Guilty Plea to Amended Indictment," a document which Austin acknowledged he signed, was referenced at the plea hearing, although this document (a written plea agreement) does not appear in the record.

served concurrently with each other and the Rape sentences. He was classified as a Tier III Sex Offender. Austin was ordered to serve "mandatory parole" on the Rape counts and post-release control sanctions for five years on the Gross Sexual Imposition counts. The court memorialized its pronouncement of the sentence in a May 8, 2018 Entry on Sentence, which stated that the post-release control was mandatory for five years on "all counts" and that the court had notified Austin of the consequences for violating post-release control.

{¶5} Austin moved to file a delayed appeal with this court, which motion was granted.

{¶6} On August 1, 2018, Austin filed a Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1 in the trial court, asserting that his plea was not entered knowingly and voluntarily since the court failed to provide proper post-release control advisements. This court issued a Judgment Entry remanding to the trial court for it to rule on the pending Motion to Withdraw.

{¶7} On February 8, 2019, the lower court held a hearing at which it resentenced Austin since the court found it had committed a "technical violation" by failing to notify him of post-release control on the Rape counts. Austin was given the same sentence but was advised that he was required to serve a five-year term of post-release control for all six of the offenses. This was memorialized in a February 11, 2019 Entry on Re-Sentence. The court issued a Judgment Entry on the same date denying Austin's Motion to Withdraw Guilty Plea.

{¶8} On appeal, Austin raises the following assignment of error:

{¶9} "The trial court erred in denying Austin's motion to withdraw his guilty plea."

{¶10} Austin contends that the trial court erred in considering his motion to withdraw his guilty plea as a postsentence motion due to the lack of a proper advisement on post-release control arguing that, since there was "no valid sentence to begin with, the motion here is pre-sentence rather than post-sentence."

{¶11} The lower court construed Austin's motion as a postsentence motion to withdraw plea since it was made after the May 4, 2018 sentencing hearing. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} While the phrase "manifest injustice" has been "variously defined," under that standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). In contrast, presentence motions to withdraw a plea should be granted liberally. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶13} A decision to grant or deny a motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. *State v. Massey*, 2017-Ohio-706, 86 N.E.3d 30, ¶ 7 (11th Dist.); *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515 (11th Dist.). An abuse of discretion constitutes a "failure to exercise sound, reasonable, and legal decision-making." *State v. Long*, 11th Dist. Lake No. 2017-L-094, 2018-Ohio-3013, ¶ 52, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} As to the argument that the original sentence was invalid, it is accurate that the trial court did not inform Austin as to the post-release control requirements

4

specifically for the Rape counts during the change of plea or sentencing hearing. It advised him only of the mandatory five-year post-release control sanction in relation to the Gross Sexual Imposition charges. The court corrected this upon remand to address the Motion to Withdraw, holding a resentencing hearing to inform Austin of the post-release requirements for Rape.

{¶15} While an error was made in sentencing, courts have rejected the argument that this type of error warrants consideration of a subsequent motion to withdraw plea under the presentence standard rather than the "manifest injustice" standard applied to postsentence motions to withdraw.

{¶16} In *State v. Morris*, 11th Dist. Portage No. 2010-P-0048, 2011-Ohio-1453, the defendant argued that since the trial court failed to include the duration of the post-release control term in its sentencing entry, his sentence was void and the court should have considered his motion to withdraw plea under the presentence standard. *Id.* at ¶ 24. This court held that the sentence was not void, since R.C. 2929.191 sets forth a procedure for correcting errors in sentencing relating to the failure to properly advise a defendant of post-release control. This procedure allows the trial court to remedy the error by holding a hearing and issuing a correction to the judgment of conviction including the proper statement regarding post-release control supervision. Since sentences imposed without proper post-release control notification are subject to correction, they are not void. *Id.* at ¶ 39-42. This court further concluded that since the sentence was not void, the motion to withdraw was a postsentence motion. *Id.* at ¶ 45. Other districts have also rejected Austin's argument under the same rationale. *State v. Hazel*, 10th Dist. Franklin Nos. 10AP-1013 and 10AP-1014, 2011-Ohio-4427, ¶ 17; *State v. Easterly,* 7th Dist. Mahoning No. 12 MA 208, 2013-Ohio-2961, ¶ 19. A similar

5

conclusion has been reached when a motion to withdraw is filed after the initial sentencing but prior to a resentencing hearing held following a remand from the court of appeals. *State v. Weideman*, 11th Dist. Portage No. 2015-P-0032, 2016-Ohio-2690, ¶ 28.

{¶17} Based on the foregoing, the trial court did not err in failing to apply the presentence factors cited by Austin and in evaluating the motion under a "manifest injustice" standard.

{¶18} Austin also contends that the lower court's failure to provide a proper post-release control advisement "merits re-visiting the propriety of the whole plea" since such an advisement "factors into the voluntariness and knowingness of a guilty plea."

{¶19} As described above, the lower court was required to determine whether "manifest injustice" occurred, a standard which allows for the grant of a motion to withdraw only in "extraordinary cases." *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. "The logic behind this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. McBride*, 11th Dist. Trumbull No. 2016-T-0006, 2017-Ohio-891, ¶ 6, citing *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). "Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly." (Citation omitted.) *McBride* at ¶ 7. Crim.R. 11(C) sets forth the procedure for accepting a guilty plea in felony cases, requiring the court to determine the plea is voluntary and the defendant is advised of maximum penalties, "the effect of the plea of guilty," and the rights waived by entering the plea.

{¶20} A review of the record of the plea hearing shows that Austin was advised of his rights waived by entering a plea, including the right to jury trial, to cross-examine witnesses, to appeal, and for the State to prove the elements of the crime beyond a reasonable doubt. Austin expressed an understanding of these rights and that he had not been promised anything to enter the plea. There is no dispute that he was fully aware of his constitutional rights when he entered the plea.

{¶21} In relation to the post-release control advisements, it has been held that the failure to provide such advisements can invalidate the entry of a guilty plea. However, where there has been a mention of post-release control during the plea colloquy, even if not in full compliance with the law, "some compliance prompts a substantial-compliance analysis and the corresponding 'prejudice' analysis." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. Substantial compliance with Crim.R. 11(C) "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). To demonstrate prejudice, a defendant must show "whether the plea would have otherwise been made." *Id.*

{¶22} In the present matter, at the plea hearing, the court advised that there would be mandatory parole on the Rape counts "for the rest of your life" and that, "regarding [the GSI counts] you will have post-release control sanctions imposed upon you for five-years after release from prison" and that each violation can result in nine months in prison, up to half of the original prison sentence. While Austin was given a partial advisement of post-release control but not one on all counts, it is accurate that this was not the correct advisement. However, we do not find that prejudice resulted.

7

**{¶23}** Austin presents no argument supporting a conclusion that he would not have entered a guilty plea had he been properly advised regarding post-release control on the Rape counts. In *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760 (2d Dist.), the court found error, but a lack of prejudice, where the appellant was advised he would be subject to post-release control for a Rape conviction but was not as to the duration of post-release control. It held that "[p]rejudice cannot be shown when the maximum sentence of life in prison is inherently longer than any possible term for post-release control." *Id.* at ¶ 8-12. Austin entered his plea after being advised of the possibility of a life sentence, thus, the term of any post-release control would not prejudice him given he already believed he could serve the rest of his life in prison.

**{¶24}** Furthermore, although it was not mentioned in relation to the Rape charges, Austin was specifically advised he would be required to serve a five-year term of post-release control for Gross Sexual Imposition. It has been held that since multiple terms of post-release control must be served concurrently, where a defendant is properly advised as to the longest mandatory term of post-release control, he cannot establish prejudice requiring vacation of a guilty plea from improper advisements regarding post-release control on other offenses. *See State v. Hastings*, 2d Dist. Montgomery Nos. 27212 and 27213, 2018-Ohio-422, ¶ 25; R.C. 2967.28(F)(4)(c) ("[p]eriods of post-release control shall be served concurrently"). Although the post-release control advisement to Austin was made specifically regarding the Gross Sexual Imposition convictions, it was the same sanction properly ordered for the Rape convictions.

**{¶25}** It is also noteworthy that Austin received a significant benefit by pleading guilty to the Amended Indictment, with a nolle prosequi being entered on the element of

8

force, pursuant to R.C. 2971.03(B)(1)(c), for all three Rape offenses, which element requires a minimum sentence of 25 years to life rather than 15 to life for an offense committed with the factual finding pursuant to R.C. 2971.03(B)(1)(b). This, combined with the failure to raise any arguments demonstrating Austin would not have entered his plea if he had been properly advised of post-release control, warrants a conclusion that his plea was voluntary and the court did not abuse its discretion. *See State v. Rolfes*, 2015-Ohio-4696, 48 N.E.3d 1053, ¶ 23 (8th Dist.) (a motion to withdraw plea was properly denied where the defendant failed to show he would not have entered his plea if properly advised about parole/post-release control, did not indicate he misunderstood he would be subject to parole, and received the benefit of a "significant deal offered by the state").

**{¶26}** The sole assignment of error is without merit.

**{¶27}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Austin's Motion to Withdraw Guilty Plea, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

9