[Cite as *State v. Rock*, 2015-Ohio-4639.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO


STATE OF OHIO,                          :         **O P I N I O N**

        Plaintiff-Appellee,          :

    - vs -                                   :         CASE NO. 2015-L-047

DAVID V. ROCK, JR.,                    :

        Defendant-Appellant.     :


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000525.

Judgment: Reversed and remanded.


*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077; and *Stephanie G. Snevel*, Special Prosecutor, P.O. Box 572, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, David V. Rock, Jr., appeals the judgment of the Lake County Court of Common Pleas convicting him of one count of operating a vehicle under the influence ("OVI"), a third-degree felony, in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years. Appellant was sentenced to a seven-

year term of imprisonment; his prison sentence is to be served consecutive to the sentence imposed by the Ashland County Court of Common Pleas, Case No. 10-CRI-081. Based on the following, we reverse and remand.

{¶2} On July 16, 2014, Mr. Rock, while driving, hit a guardrail and fled the scene. Based on information from other drivers reporting the accident, Mr. Rock was found at a car wash in the city of Willoughby by local police some time thereafter.

{¶3} Appellant pled guilty to one count of OVI, a third-degree felony, in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413 specification. At appellant's sentencing hearing, appellant admitted to having five previous OVI convictions within the past twenty years: Lake County Common Pleas Case No. 02CR000085, January 16, 2003; Lake County Common Pleas Case No. 97CR000363, March 30, 1998; Mentor Municipal Court Case No. 97C01819, June 9, 2007; Willoughby Municipal Court Case No. 97C03346, May 22, 1997; and Willoughby Municipal Court Case No. 95C09727, November 6, 1995.

{¶4} At the time of the sentencing hearing, appellant was serving a sentence based on a probation violation from Ashland County. The trial court sentenced appellant in this case to thirty-six months for the OVI charge and four years for the attached specification, for a total seven-year prison term, to run consecutively to the ten-month sentence appellant was serving from Ashland County.

{¶5} Appellant filed a timely notice of appeal and asserts one assignment of error:

{¶6} "The trial court erred by sentencing the defendant-appellant to an excessive prison term of seven years consecutive to a prison term from another county."

{¶7} Under his sole assignment of error, appellant presents two issues for our review. First, appellant maintains the trial court erred in ordering his prison term in this case to be served consecutively to the prison term from Ashland County without first making the statutory findings in R.C. 2929.14(C)(4). Second, appellant argues the trial court erred when it imposed a prison term without considering the factors under R.C. 2929.12.

{¶8} The disposition of appellant's first issue requires this court to remand the matter for resentencing. We do not, however, find error in appellant's second issue for review.

{¶9} R.C. 2929.41, which governs multiple sentences, provides, in pertinent part: "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" R.C. 2929.41(A) (emphasis added). R.C. 2929.14(C)(4) provides that a trial court may require an offender to serve consecutive prison terms if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18

3

of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct,

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Although a trial court must make the statutory findings to support its decision to impose consecutive cases, it has no obligation to set forth its reasons to support its findings as long as they are discernible in the record. *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29; *State v. Jenkins,* 8th Dist. Cuyahoga No. 101899, 2015-Ohio-2762, ¶9. Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them into the judgment entry of sentence renders the sentence contrary to law. *Bonnell* at ¶37.

{¶11} Although the trial court did recognize appellant's long history of criminal convictions and that he has not responded favorably to previously imposed sanctions, it failed to recognize the necessary additional findings for imposing consecutive sentences. *See* R.C. 2929.14(C)(4). The trial court also failed to set forth any R.C. 2929.14(C)(4) findings in its judgment entry of sentence. Consequently, appellant's sentence is contrary to law. *See Bonnell* at ¶37.

{¶12} We do not, however, find merit in appellant's second issue for review. A felony sentence should be reasonably calculated "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that

4

the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. However, it is well established that a trial court is "not required to make findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34.

{¶13} Our review of the trial court record reveals the trial court considered the purposes and factors of felony sentencing in R.C. 2929.11 and R.C. 2929.12. The trial court, both at sentencing and in the judgment of sentence, stated that it had considered the factors in R.C. 2929.11 and R.C. 2929.12.

{¶14} Appellant's first assignment of error has merit to the extent indicated. As such, this court is required to remand the matter for resentencing.

{¶15} Based on the opinion of this court, the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

5