[Cite as *State v. Rock*, 2017-Ohio-7294.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-010** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000525.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David V. Rock, Jr.*, pro se, PID: A663-040, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH 44901 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, David V. Rock, Jr. appeals from the December 28, 2016 judgment of the Lake County Court of Common Pleas, denying his Civ.R. 60(B) motion for relief from judgment.  For the following reasons, the trial court's decision is affirmed.

{¶2}   On March 30, 2015, the Lake County Court of Common Pleas entered a judgment convicting appellant of one count of operating a vehicle under the influence ("OVI"), a third-degree felony in violation of R.C. 4511.19(A)(1)(a), and an

accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years. Appellant was sentenced to serve thirty-six months in prison for the underlying OVI and four years for the repeat-offender specification, to run consecutive to each other and consecutive to the sentence imposed by the Ashland County Court of Common Pleas in case No. 10-CRI-081.

{¶3} Appellant challenged his sentence on appeal from the trial court's March 30, 2015 judgment. *State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639. We held the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) in order to run appellant's sentences for the OVI and specification consecutive to his Ashland County sentence. *Id.* at ¶11.

{¶4} Upon remand from this court, the trial court held a hearing on December 7, 2015. The trial court entered judgment on December 8, 2015, and declined to make the required findings for imposing consecutive sentences. The trial court ordered appellant's sentence for the OVI and specification be served concurrently with the sentence imposed by the Ashland County Court of Common Pleas. *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516, ¶4.

{¶5} Appellant filed a motion for leave to file a delayed appeal from the trial court's December 8, 2015 judgment, which this court granted. *Id.* at ¶5. We affirmed the trial court's judgment. *Id.* at ¶22.

{¶6} On June 10, 2016, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21, requesting that his March 2015 conviction be vacated. Appellee, the state of Ohio, filed a response on July 13, 2016. On July 26, 2016, the trial court denied appellant's petition, finding it was untimely filed and that appellant

2

failed to assert an exception to the timeliness requirement that would justify delayed relief. Appellant did not appeal that judgment.

{¶7}   On December 7, 2016, appellant filed a Civ.R. 60(B) motion for relief from judgment. Appellant moved the trial court to vacate its July 26, 2016 judgment, pursuant to Civ.R. 60(B)(1) and (5), asserting the trial court should have applied the "three-day mail box rule" to appellant's petition for postconviction relief. Appellant maintained utilizing the three-day mailbox rule would have rendered his petition timely. He indicated, when he filed the petition, that he was incarcerated and, in prison, the "mail was placed to a halt after 7:00 a.m., Friday June 3rd, 2016, and does not resume until Monday June 6th." Appellee filed a response on December 16, 2016. The trial court denied the motion on December 28, 2016.

{¶8}   On January 17, 2017, appellant filed a timely notice of appeal from the trial court's December 28, 2016 judgment. Appellant asserts a sole assignment of error, which states:

{¶9}   "The trial court committed prejudicial error by not granting relief from judgment and applying Civ.R. 6(E), which would have allowed R.C. 2953.21 postconviction relief petition to be timely. [sic] This is a violation of the Fourteenth Amendment to the United States Constitution."

{¶10}  In response, appellee argues appellant is using his Civ.R. 60(B) motion in place of a timely filed appeal from the trial court's judgment denying his petition for postconviction relief. Appellee further argues appellant has failed to demonstrate the necessary criteria to prevail on a Civ.R. 60(B) motion.

3

{¶11} Civ.R. 60(B)(1) and (5) state: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment."

{¶12} In *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), the Ohio Supreme Court set forth a three-prong test a movant must meet to prevail on a Civ.R. 60(B) motion: (1) the motion must be filed within a reasonable time after the judgment or order was entered, (2) the party must be entitled to relief based on one of the reasons set forth in Civ.R. 60(B)(1)-(5), and (3) the party must demonstrate a meritorious defense or claim to present in the event relief is granted. *Id.* at paragraph two of the syllabus. Each prong must be satisfied in order for the movant to be entitled to relief, and if one prong is not satisfied, the entire motion must be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988) (citation omitted).

{¶13} The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court; we review the trial court's decision for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987) (citations omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} On appeal, appellant's argument focuses on the trial court's July 26, 2016 judgment denying his petition for postconviction relief rather than the December 28, 2016 judgment denying his Civ.R. 60(B) motion. "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend

4

the time for perfecting an appeal from the original judgment." *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998) (citations omitted). Appellant's argument that the trial court abused its discretion in denying his petition for postconviction relief could have been raised in a timely appeal from the judgment denying the petition. Because appellant is attempting to use his Civ.R. 60(B) motion as a substitute for a timely appeal, his argument is without merit.

{¶15} Moreover, appellant has failed to demonstrate a meritorious defense or claim if relief were granted, as required by *GTE.* There is nothing in appellant's Civ.R. 60(B) motion that supports the argument that the trial court would have granted appellant's postconviction petition if relief from the trial court's judgment denying the petition were allowed.

{¶16} For the reasons set forth herein, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant's sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

5