[Cite as *State v. Rock*, 2018-Ohio-4175.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-021** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2014 CR 000525.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David V. Rock, Jr.*, pro se, PID: A663-040, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, David V. Rock, Jr., appeals from the July 19, 2017 judgment of the Lake County Court of Common Pleas, denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. For the following reasons, the trial court's judgment is affirmed.

{¶2} On March 30, 2015, the Lake County Court of Common Pleas convicted appellant of one count of operating a vehicle under the influence ("OVI"), a third-degree felony in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413

specification for having been convicted of five or more OVI offenses within the previous twenty years. Subsequently, appellant filed several postconviction motions and appeals. *See State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639; *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516; *State v. Rock*, 11th Dist. Lake No. 2017-L-010, 2017-Ohio-7294; *State v. Rock*, 11th Dist. Lake No. 2016-L-118, 2017-Ohio-7955.

**{¶3}** Appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 on June 22, 2017. The state filed a response on July 6, 2017. The motion was denied on July 19, 2017. The trial court found appellant's arguments were barred by res judicata.

**{¶4}** On July 31, 2017, appellant filed a motion for reconsideration, and on August 8, 2017, appellant filed a motion for change of venue with the trial court. The court denied both motions in an order filed August 30, 2017. Appellant filed a notice of appeal from that order on September 27, 2017. The appeal was dismissed for lack of a final, appealable order. *State v. Rock*, 11th Dist. Lake No. 2017-L-119, 2017-Ohio-9339.

**{¶5}** On January 31, 2018, appellant filed a motion for leave to file a delayed appeal from the trial court's July 19, 2017 judgment entry. This court granted the motion.

**{¶6}** Appellant raises three assignments of error, which we address together:

> [1.] The defense counsel was ineffective by not meeting the demands of the Sixth Amendment rights laid out in the Strickland test.
>
> [2.] The State committed prejudicial error as the State had 'actual notice' of 'constitutionally infirm' OVI convictions and the State concealed the evidence from the grand jury, the court, and the defense.
>
> [3.] The court summarily denied defendant's 32.1 motion without a hearing on the States misconduct, defendants affirmative defense and ineffective assistance of counsel.

2

{¶7} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8} "Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice." *State v. Taylor*, 11th Dist. Lake No. 2002-L-005, 2003-Ohio-6670, ¶8, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶9} Motions filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata. *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶24 (citations omitted). "Thus, 'when presented with a motion to withdraw a guilty plea * * *, [trial courts and appellate courts] should consider first whether the claims raised in that motion are barred by res judicata.'" *Id.*, quoting *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶27. If the claim is not barred by res judicata, courts can then apply the manifest injustice standard in accordance with Crim.R. 32.1. *Reynolds*, *supra*, at ¶27.

{¶10} Application of the doctrine of res judicata prevents relitigation of issues that were already decided by a court and litigation of matters that should have been brought in a previous action. *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶21 (citation omitted). "Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or *could have been raised* in a prior proceeding." *Id.* at ¶22 (citation omitted) (emphasis added).

3

**{¶11}** The application of res judicata is generally a question of law that appellate courts review de novo. *State v. Jenkins*, 10th Dist. Franklin No. 16AP-105, 2016-Ohio-5533, ¶18 (citation omitted).

**{¶12}** In his Crim.R. 32.1 motion and on appeal, appellant argues his OVI convictions from 1995 and 1997 that were used to enhance his current OVI conviction to a felony were "constitutionally infirm" because he entered uncounseled pleas of "no contest" in those cases without a valid waiver of his right to counsel. Appellant argues that uncounseled priors cannot be used to enhance a conviction and maintains that "[h]ad [he] understood this law, as it relates to the facts when giving his guilty plea, he would have insisted on going to trial[.]" Appellant raises a claim of ineffective assistance of counsel, arguing his trial counsel's performance was defective because he failed to investigate the alleged uncounseled pleas. Appellant further argues the state "misled the grand jury * * * by withholding exculpatory evidence and willfully presenting 'constitutionally infirm' convictions."

**{¶13}** Attached to appellant's Crim.R. 32.1 motion was his own affidavit dated September 29, 2010. Appellant averred that when he entered a plea of no contest in the 1995 case, he appeared without counsel, did not waive his right to counsel, and was not informed of the consequences of entering a plea of no contest. He further averred that when he entered a plea of no contest in the 1997 case, he appeared without counsel and signed a "boilerplate waiver of counsel form" but was not informed of his rights or of the consequences of entering a plea of no contest. Appellant was therefore aware of the alleged uncounseled convictions since September 29, 2010. Further, the record reflects defense counsel raised in the trial court the issue of appellant's previous pleas. During

4

appellant's sentencing hearing, defense counsel stated: "Your honor, I think what he's trying to explain to you is that when he entered the pleas on the priors, he's telling me after he entered the plea on this case that he didn't have an attorney and that the Court didn't advise him that he had voluntarily waived that right. And that's why I told him not to pursue that one." Thus, appellant could have raised the issues pertaining to ineffective assistance of counsel and the state's withholding exculpatory evidence in his direct appeal. He did not. *See Rock*, 2015-Ohio-4639, ¶5-6. Consequently, the issues are barred by res judicata.

{¶14} Appellant further argues the trial court should have held a hearing on his Crim.R. 32.1 motion. However, "[n]o hearing is required on postsentence motions under Crim.R. 32.1 unless the facts as alleged by the appellant, taken as true, would require the trial court to permit withdrawl of the plea." *State v. Beachum*, 6th Dist. Sandusky Nos. S-10-041 & S-10-042, 2012-Ohio-285, ¶22 (citations omitted). Because the trial court determined the issues raised in appellant's motion were barred by res judicata, it was not required to hold an evidentiary hearing.

{¶15} Appellant's first, second, and third assignments of error are without merit.

{¶16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.