[Cite as *State v. Rock*, 2019-Ohio-1416.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-037** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 1997 TRC 03446.

Judgment: Affirmed.

*Richard J. Perez,* City of Willoughby Prosecuting Attorney, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Plaintiff-Appellee).

*David V. Rock, Jr.,* pro se, PID: A663-040, Trumbull Correctional Institution, P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David V. Rock, Jr., appeals the February 5, 2018, Judgment Entry of the Willoughby Municipal Court, denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1; his motion to vacate plea pursuant to Civ.R. 60(B); his motion for judicial notice pursuant to Ev.R. 201; and his motion for a hearing. For the following reasons, the trial court's judgment is affirmed.

{¶2} On March 30, 2015, the Lake County Court of Common Pleas convicted Mr. Rock of one count of operating a vehicle under the influence ("OVI"), a third-degree

felony in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years. Subsequently, appellant filed several postconviction motions and appeals in this court. *See State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639; *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516; *State v. Rock*, 11th Dist. Lake No. 2017-L-010, 2017-Ohio-7294; *State v. Rock*, 11th Dist. Lake No. 2016-L-118, 2017-Ohio-7955; *State v. Rock*, 11th Dist. Lake No. 2017-L-119, 2017-Ohio-9339; *State v. Rock*, 11th Dist. Lake No. 2018-L-021, 2018-Ohio-4175, appeal not allowed, 2018-Ohio-5209.

**{¶3}** The instant appeal relates to Mr. Rock's November 1997 conviction of one count of OVI, in violation of R.C. 4511.19, which was one of the counts used to enhance his 2015 conviction. According to the record, on May 1, 1997, Mr. Rock filed an affidavit of indigency and the court appointed a public defender the same day. However, on May 8, 1997, the court reviewed his affidavit, determined he was not indigent and could afford private counsel, and vacated the order approved an appointed public defender. On May 22, 1997, Mr. Rock signed a waiver of counsel. In January 2018, Mr. Rock moved to withdraw his plea and vacate the 21-year old conviction on the grounds that his no contest plea was uncounseled and without a colloquy. The trial court denied his motion on February 5, 2018, pointing to the record of Mr. Rock's signed written waiver of right to counsel. This appeal followed.

**{¶4}** In April 2018, Mr. Rock filed a motion in this court for an extension of time to file his brief and requesting appointment of counsel for his appeal of the February 5, 2018 judgment. This court granted the time extension and denied the request for

2

appointment of counsel on the grounds that, "[t]here is no right, constitutional or statutory, to appointed counsel in collateral attacks," citing *State v. Watts,* 57 Ohio App.3d 32, 33 (6th Dist. 1989). On June 1, 2018, Mr. Rock filed a Motion for Consolidation & Motion for Reconsideration on Appointing ['competent'] counsel" asking that we reconsider our judgment denying appointment of counsel in this appeal. We denied both motions.

{¶5} Mr. Rock then submitted his appellant's brief appealing the February 5, 2018 trial court judgment. In response, appellee, city of Willoughby, filed a motion to strike appellant's brief asserting an inability to ascertain Mr. Rock's legal argument and request for relief. We overruled city of Willoughby's motion, finding Mr. Rock's brief substantially complies with the rules of this court. The state made no further filings.

{¶6} Mr. Rock's appeal contains two assignments of error. As they relate to the same matter, we address them together. The first states:

{¶7} "The Court summarily denied defendant's 32.1 motion without a hearing and improperly relied on State v. Brooke to avoid complying with defendants [sic] constitutional rights."

{¶8} The issue under this error he presents for review and argument states: "Did the Court abuse its discretion by relying on State v. Brooke because it failed to review defendant's record, as this DUI was his 3rd DUI, making it a 'Serious Offense' and ignoring why defendant was without counsel. A complete 'miscarriage of justice[.]' [sic]"

{¶9} Mr. Rock's second assignment of error states:

3

{¶10} "The Court abused its discretion by vacating defendants [sic] right to counsel, as a 'Court Speaks through it's [sic] Journals" See Exhibit (3)[.]"

{¶11} The issue under this error he presents for review and argument states:

{¶12} "Did the Court improperly deny defendant's Sixth Amendment Right to counsel as being a high school student and moving from place to place and job to job over a period of a year, shows instability and without necessary means to hire an attorney and [is] against the U.S. Constitution."

{¶13} For both errors Mr. Rock contends that the trial court erred in denying his 2018 motion to withdraw his no contest plea because the trial court in 1997 erred in finding him able to afford an attorney and denying him appointed counsel. However, even assuming Mr. Rock's claims are true, we discern no error on the part of the trial court and find no ground for granting the relief he requests.

{¶14} "An appellate court is limited in its review of a trial court's decision regarding a motion to withdraw a guilty plea to determine whether the trial court abused its discretion." *State v. Sartain*, 11th Dist. Lake No. 2007-L-167, 2008-Ohio-2124, ¶11. An abuse of discretion reflects the trial court's ""failure to exercise sound, reasonable, and legal decision-making."" (citations omitted.) *State v. Howard,* 11th Dist. Lake No. 2017-L-083, 2018-Ohio-1575, ¶37.

{¶15} Mr. Rock's 2018 motion to withdraw his no contest plea is governed by Crim.R. 32.1, which states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The trial court concluded the only injustice Mr. Rock asserts

4

is in the use of the 1997 conviction to enhance the subsequent conviction for which he is now imprisoned, which, because the statutory enhancement is legally permissible, is not an injustice contemplated by Crim.R. 32.1. We agree.

{¶16} In support of its decision, the trial court relied on *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533. Mr. Rock contends the reliance on *Brooke* is unjustified. We acknowledge *Brooke* is not a precise parallel to the facts presented here: Brooke appealed from her enhanced conviction, not her prior allegedly uncounseled convictions as here; Brooke's enhanced conviction occurred approximately four years after her earliest DUI, while Mr. Rock's occurred twenty years later; Brooke conceded she signed and filed a written waiver of her right to counsel in all three previous cases, while Mr. Rock has not. However, in both Mr. Rock's case and *Brooke,* the transcript of the hearing was disposed of in accordance with the court's standard retention policy. The Supreme Court of Ohio found that, in such case, the state could produce evidence of a written waiver as evidence the waiver was knowingly and voluntarily made. Here, the state pointed to the record of Mr. Rock's signed written waiver, as the transcript had been disposed of in accordance with the court's standard retention policy.

{¶17} The Supreme Court of Ohio further clarified *Brooke* in *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314: "a defendant cannot establish a prima facie showing as to 'uncounseled' merely by establishing that he or she had been convicted without representation." *Id.* at ¶6. Thus, the defendant must do more than allege that, though the record shows evidence of the contrary, his waiver was not knowing and voluntary, as Mr. Rock has done here. "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted

5

in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *Id.,* quoting *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501 (1989). Thus, in light of *Thompson,* we find the trial court did not err in relying on *Brooke.*

{¶18} Moreover, in *State v. Dabelko,* 11th Dist. Trumbull No. 2001-T-0142, 2002-Ohio-6941, this court discussed a similar claim of manifest injustice based on alleged invalid waiver of counsel in an OVI conviction. Dabelko was sentenced in 1986 and did not contest invalid waiver of counsel until 2001, after the sentence had been used to enhance a subsequent conviction. There we found "[i]t defies basic common sense to suggest that it took appellant over fourteen years to investigate and discover any injustice that may have occurred as a result of his no contest plea. Hence, it is our view that appellant has not demonstrated that the withdrawal of his no-contest plea is necessary to correct a manifest injustice." *Id.* at ¶11. Here, we find the same. Mr. Rock waited twenty-three years to contest his plea. "[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). With no other claims of injustice presented, we find the trial court did not abuse its discretion in failing to find Mr. Rock has suffered a manifest injustice and denying Mr. Rock's motions.

{¶19} Finally, a motion to withdraw a guilty plea and to vacate the judgment of a 21-year old conviction is the improper vehicle for questioning the prior convictions' use to enhance a subsequent conviction that is not presently being appealed. The proper vehicle for addressing such allegations is an appeal of the enhanced conviction itself.

6

*See, e.g., Brooke, supra.* Even if we were to take everything Mr. Rock asserts as true and grant him relief as to the 1997 conviction, it would have no bearing on his subsequently enhanced conviction; at the time the subsequent conviction was enhanced, the prior convictions were then valid, and the court did not err in relying on them. "[R]es judicata bars appellant from raising, on a motion for post-conviction relief, those issues which could or should have been raised on direct appeal." *State v. Morris*, 10th Dist. Franklin No. 93AP-410, 1993 WL 304151, *3, citing *State v. Ishmail*, 67 Ohio St.2d 16 (1981). Thus, to the extent Mr. Rock could have or did assert improper reliance on this conviction on direct appeal of his subsequent, enhanced conviction, the underlying motion here is barred by the doctrine of res judicata.

{¶20} In light of the forgoing, we find Mr. Rock's assignments of error have no merit. The judgment of the Willoughby Municipal Court is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

7