[Cite as *State v. Rock*, 2019-Ohio-2796.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-135** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000525.

Judgment: Affirmed.

*Charles Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David V. Rock, Jr.*, pro se, PID: A663-040, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, David V. Rock, Jr. ("Rock"), appeals from the October 30, 2018 order of the Lake County Court of Common Pleas, denying his motion to vacate his guilty plea pursuant to Crim.R. 32.1. For the following reasons, the trial court's judgment is affirmed.

{¶2} On March 30, 2015, the Lake County Court of Common Pleas convicted Rock of one count of operating a vehicle under the influence ("OVI"), a third-degree felony

in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years.

{¶3} Subsequently, Rock filed several postconviction motions and appeals. *See State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639 (appealing his sentence as excessive); *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516 (appealing the length of his sentence and imposition of consecutive sentencing); *State v. Rock*, 11th Dist. Lake No. 2017-L-010, 2017-Ohio-7294 (appealing denial of his motion to vacate conviction); *State v. Rock*, 11th Dist. Lake No. 2016-L-118, 2017-Ohio-7955 (appealing denial of a request to modify the transcript of the sentencing hearing); *State v. Rock*, 11th Dist. Lake No. 2017-L-119, 2017-Ohio-9339 (appealing denial of a motion for reconsideration of a denied motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and request for change of venue); *State v. Rock*, 11th Dist. Lake No. 2018-L-021, 2018-Ohio-4175 (appealing denial of a motion to withdraw his guilty plea pursuant to Crim.R. 32.1);and *State v. Rock*, 11th Dist. Lake No. 2018-L-107 (appealing jailtime credit).

{¶4} On October 9, 2018, Rock filed another motion to vacate his guilty plea as void, which the trial court denied on October 30, 2018. The basis of Rock's motion was that he was not informed of the requirement under R.C. 5502.10 that the department of public safety publish information related to Rock's OVI convictions on an online public registry for habitual OVI offenders who have had five or more OVI convictions in the previous twenty years.

{¶5} In denying the motion, the trial court held that (1) there was no evidence presented that Rock was placed on the cited registry; (2) even if he had been placed on the registry, there was no requirement to inform him of his required placement on the

2

registry; and (3) the issue should have been raised previously on appeal. The trial court ultimately concluded that no manifest injustice had occurred, as required under Crim.R. 32.1, to allow for the withdraw of a guilty plea after sentencing has been imposed.

{¶6} Rock noticed a timely appeal and raises two assignments of error. His first assignment of error states:

{¶7} "The Court failed to inform defendant of the increased penalty set out by the GENERAL ASSEMBLY in ORC §5502.10, thus making defendant's plea unknowing, involuntary, and unintelligent, thus void by law."

{¶8} Rock previously filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, which was denied by the trial court on July 19, 2017. The trial court found Rock's arguments were barred by res judicata, and this court affirmed that judgment. Rock's current Crim.R. 32.1 motion before the court on appeal argues that his plea was unknowing, involuntary, and unintelligent because he was not made aware of the habitual OVI offender registry. Rock argues that this additional requirement is contrary to law as a "shame sanction," an increased penalty to his sentence, and that had he been informed of the registry requirement, he would have insisted on going to trial.

{¶9} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice." *State v. Taylor*, 11th Dist. Lake

3

No. 2002-L-005, 2003-Ohio-6670, ¶8, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶10} Motions filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata. *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶24 (citations omitted). "Thus, 'when presented with a motion to withdraw a guilty plea * * *, [trial courts and appellate courts] should consider first whether the claims raised in that motion are barred by res judicata.'" *Id.*, quoting *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶27. "Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised *or could have been raised* in a prior proceeding." *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶22 (citation omitted) (emphasis added).

{¶11} The application of res judicata is generally a question of law that appellate courts review de novo. *State v. Jenkins*, 10th Dist. Franklin No. 16AP-105, 2016-Ohio-5533, ¶18 (citation omitted). If the claim is not barred by res judicata, courts can then apply the manifest injustice standard in accordance with Crim.R. 32.1. *Reynolds*, *supra*, at ¶27.

{¶12} First, R.C. 5502.10 directs the department of public safety to establish and maintain a state registry of habitual OVI offenders. This statute has been in effect since September 30, 2008, years prior to Rock's plea. It directs the department to collect and present information on offenders and convictions publicly online. The courts are directed to provide the department of public safety with the necessary information to maintain the registry. Rock does not point to any authority for the proposition that a registry maintained outside of the court with no obligations placed on the offender constitutes a penalty. To

4

the contrary, the Ohio Supreme Court has held that civil remedial registration measures are common:

> Registration has long been a valid regulatory technique with a remedial purpose. *See, e.g.*, *New York ex rel. Bryant v. Zimmerman* (1928), 278 U.S. 63, 49 S.Ct. 61, 73 L.Ed. 184 (required registration of membership lists of corporations and associations permissible); *Lambert v. California* (1957), 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (city ordinance requiring all felons to register was a permissible law enforcement technique designed for the convenience of law enforcement agencies); *United States v. Harriss* (1954), 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (required registration of lobbyists).

*State v. Cook*, 83 Ohio St.3d 404, 418-419 (1998). While R.C. 5502.10 itself has not been challenged in our court, a parallel comparison to other registration requirements demonstrates that the civil remedial registration requirement contained in R.C. 5502.10 is not a punishment.

{¶13} For comparison, in *State v. Cook,* the Ohio Supreme Court ruled that sexual predator registration requirements were nonpunitive. *Cook*, *supra*, at 423 ("[W]e find that the registration and notification provisions of R.C. Chapter 2950 are nonpunitive and reasonably necessary for the intended purpose of protecting the public."). As we have held previously in discussing *State v. Cook*:

> The *Cook* court concluded that the first version of the sexual offender laws did not impose any new affirmative disability or restraint upon a criminal defendant. * * * Since the act of registering only created a minor inconvenience for an offender, it was a "de minimus administrative requirement" which was similar to obtaining a driver's license; and even though the dissemination of the registration information could have a detrimental effect upon a sex offender, it was not impermissible for a remedial measure to carry a sting of punishment.

*Naples v. State*, 11th Dist. Trumbull No. 2008-T-0092, 2009-Ohio-3938, ¶26, quoting *Cook*, *supra*, at 418. *Accord State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶29

5

("In light of th[e] legislative intent, we have held consistently that R.C. Chapter 2950 is a remedial statute."). In the present matter, R.C. 5502.10 places no requirements on Rock to maintain his registration, inform anyone of his offenses, or provide any other information. Therefore, the registration requirements of R.C. 5502.10 are even less burdensome than those discussed above, which were determined to be nonpunitive.

{¶14} Rock's reliance on the matter of *In re C.P.* is misguided. There, the Ohio Supreme Court held that R.C. 2152.86, pertaining to Tier III sex-offender/child-victim offender registration, violated the constitutional prohibition against cruel and unusual punishment. R.C. 2152.86 had the following onerous requirements, as quoted by the Court in that case:

> You are required to register in person with the sheriff of the county in which you establish residency within three days of coming into that county, or if temporarily domiciled for more than three days. If you change residence address you shall provide written notice of that residence change to the sheriff with whom you are most recently registered and to the sheriff in the county in which you intend to reside at least 20–days prior to any change of residence address. * * * You are required to provide to the sheriff temporary lodging information including address and length of stay if your absence will be for seven days or more. Since you are a public registry qualified juvenile offender registrant you are also required to register in person with the sheriff of the county in which you establish a place of education immediately upon coming to that county. * * * You are also required to register in person with the sheriff of the county in which you establish a place of employment if you have been employed for more than three days or for an aggregate of 14 days in a calendar year. * * * Employment includes voluntary services. As a public registry qualified juvenile offender registrant, you * * * also shall provide written notice of a change of address or your place of employment or your place of education at least 20 days prior to any change and no later than three days after the change of employment. * * * [Y]ou shall provide written notice within three days of any change in vehicle information, e-mail addresses, internet identifiers or telephone numbers registered to or used by you to the sheriff with whom you are most recently registered.* * * [Y]ou are required to abide by all of the above described requirements * * * for your lifetime

6

> as a Tier III offender with in person verification every 90–days. That means for the rest of your life * * * every three months you're going to be checking in with [the] sheriff where you live or work or both. * * * Failure to register, failure to verify on the specific notice and times as outlined here will result in criminal prosecution.

*In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, ¶8. The habitual OVI offender statute applicable to Rock's appeal, R.C. 5502.10, is much more reflective of the remedial registration requirements meant to protect the public from likely reoffenders through public registration, as discussed in *Cook* and *Ferguson*, *supra*, and not the burdensome Tier III sex-offender/child-victim offender registration statute struck down as unconstitutional. The requirements of the offender under R.C. 5502.10 are even less than those in R.C. Chapter 2950, which we have determined to be merely "a minor inconvenience for an offender." Therefore, R.C. 5502.10 is distinguishable from the punitive statute discussed in *In re C.P.*, which is inapposite to the case sub judice.

{¶15} Finally, because it is not void as a matter of law as discussed above, the issue is also barred by res judicata. Rock could have raised the issue pertaining to the habitual OVI offender registry in his direct appeal, or in several of his other postconviction motions, and he failed to do so. The statute has been in effect since September 30, 2008, years prior to his guilty plea in 2015.

{¶16} Rock's first assignment of error is without merit.

{¶17} Rock's second assignment of error states:

{¶18} "The Court 'abused its discretion' by failing to hold a hearing to ensure whether or not defendant subjectively understood his rights pursuant to Crim.R. 11."

{¶19} Rock argues that he is entitled to a hearing on withdrawing his plea.

7

**{¶20}** This court has previously addressed Rock's argument that the trial court should have held a hearing on his Crim.R. 32.1 motions, holding that "'[n]o hearing is required on postsentence motions under Crim.R. 32.1 unless the facts as alleged by the appellant, taken as true, would require the trial court to permit withdrawal of the plea.'" *Rock*, *supra*, 2018-Ohio-4175, at ¶14, quoting *State v. Beachum*, 6th Dist. Sandusky Nos. S-10-041 & S-10-042, 2012-Ohio-285, ¶22 (citations omitted). Because the trial court determined that the issue raised in Rock's motion should have been raised previously on appeal—thus subjecting it to res judicata—it was not required to hold an evidentiary hearing.

**{¶21}** Rock's second assignment of error is without merit.

**{¶22}** For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8