**[Cite as *State v. Cain*, 2021-Ohio-1841.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-20-1126

      Appellee                                       Trial Court No. CR0201801710

v.

Michael E. Cain                                   **DECISION AND JUDGMENT**

      Appellant                                     Decided:  May 28, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Michael E. Cain, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Cain, appeals the judgment of the Lucas County Court of

Common Pleas, denying his post-sentence motion to withdraw his guilty plea.  For the

reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On April 19, 2018, the Lucas County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, with an attendant firearm specification pursuant to R.C. 2941.145(A), (B), (C), and (F), and one count of aggravated menacing in violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree.

{¶ 3} On July 31, 2018, appellant withdrew his initial plea of not guilty, and entered a plea of guilty pursuant to *North Carolina v. Alford*, to the count of felonious assault. In exchange for his plea, the state agreed to dismiss the firearm specification and the count of aggravated menacing, and to recommend that any prison sentence not exceed two years. Prior to accepting the guilty plea, the trial court conducted a Crim.R. 11 colloquy with appellant during which the following exchange occurred:

THE COURT: With respect to the State's recommendation of a two-year sentencing cap, do you understand that that's just a recommendation, that I don't have to follow it if I choose not to?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And knowing that, do you still wish to go forward with the plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with the amount of time you've had to speak with your attorney about this case?

2.

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with his advice and counsel?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did anyone force you to enter this plea?

THE DEFENDANT: No, ma'am.

THE COURT: Did anyone promise you anything to get you to enter this plea?

THE DEFENDANT: No, ma'am.

THE COURT: You're doing it voluntarily?

THE DEFENDANT: Yes, ma'am.

THE COURT: As I stated, you are entering a plea to a felony of the second degree. Do you understand that that offense carries a penalty of two to eight years in a state institution?

THE DEFENDANT: Yes, ma'am.

Thereafter, the trial court accepted appellant's guilty plea, and the matter was continued for sentencing on August 22, 2018.

{¶ 4} At the sentencing hearing, the court heard statements from appellant and his counsel in mitigation. The state then read a victim impact statement, and conveyed its desire to abide by the terms of the plea agreement. Upon consideration, the trial court sentenced appellant to serve a term of four years in prison.

{¶ 5} Appellant did not appeal his conviction and sentence.

3.

{¶ 6} Over one and one-half years later, on March 16, 2020, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1. In his motion, appellant argued that his trial counsel was ineffective for failing to notify him that the trial court judge was not bound by the state's sentencing recommendation of two years in prison. Additionally, appellant argued that he was never advised by the trial court that he had the right to make a statement in mitigation at his sentencing hearing. For these reasons, appellant requested that the trial court impose the two-year prison sentence that was recommended by the plea deal, and release him from prison at the end of those two years.

{¶ 7} On June 16, 2020, the trial court denied appellant's motion to withdraw his guilty plea. The trial court reasoned that appellant failed to establish that his counsel's performance was deficient, and that appellant in fact was notified that the state's sentencing recommendation was not binding on the court. The court further noted that appellant stated that he was entering the plea voluntarily, affirmed that he was satisfied with his attorney's advice and counsel, and signed a plea form acknowledging that he understood his rights and the potential sentence he was facing. As to his right to make a statement in mitigation at the sentencing hearing, the trial court found that both appellant and his counsel spoke in mitigation. Finally, the court recognized that the nearly two-year delay between appellant's sentence and his motion to withdraw his guilty plea was a factor that adversely affected appellant's good faith and credibility when all of the allegations supporting his motion were known at the time of sentencing. Therefore, the

4.

trial court found that appellant did not meet his burden of proving a manifest injustice, and denied appellant's motion to withdraw his guilty plea.

## II. Assignments of Error

{¶ 8} Appellant has appealed the trial court's June 16, 2020 judgment, and now presents two assignments of error for our review:

1. Trial counsel for Mr. Cain denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel.

2. Trial counsel for Mr. Cain allowed the trial court to violate the colloquy under Criminal Rule 32(A).

## III. Analysis

{¶ 9} Because both of appellant's assignments of error challenge the basis for the trial court's denial of his post-sentence motion to withdraw his guilty plea, they will be addressed together.

{¶ 10} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} At the outset, we hold that appellant's arguments in his post-sentence motion to withdraw his guilty plea are barred by res judicata. "It is well established, by relevant Ohio caselaw, that claims submitted in support of motions filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata." *State v. Davis*, 2020-Ohio-4539,

5.

159 N.E.3d 331, ¶ 25 (6th Dist.). "Application of the doctrine of res judicata prevents relitigation of issues that were already decided by a court and litigation of matters that should have been brought in a previous action." *Id.* at ¶ 27, citing *State v. Rock*, 11th Dist. Lake No. 2018-L-021, 2018-Ohio-4175, ¶ 10. "Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding." *Id.*, quoting *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22.

{¶ 12} Here, appellant argued that his plea was not knowing, intelligent, and voluntary due to the ineffectiveness of his trial counsel in that he was coerced into pleading guilty under the promise of receiving at most a two-year prison sentence, and he was not informed that the trial court was not bound to accept the recommended two-year prison sentence. Alternatively, appellant argued that the trial court failed to inform him that he could speak in mitigation at his sentencing hearing. We find that these arguments, and the information upon which they rely, are based entirely on the record from the plea hearing and sentencing hearing. As such, appellant's arguments were available to him at the time of a direct appeal, and his failure to raise those arguments on direct appeal precludes him from raising them one and one-half years later in a post-sentence motion to withdraw his guilty plea. *See Davis* at ¶ 29 (claims made in defendant's post-sentence motion to withdraw his guilty pleas—which included claims that the pleas were not knowing, intelligent, or voluntary, that he had ineffective assistance of counsel, and that he was coerced into entering the guilty pleas—were barred by res judicata because they

6.

were not raised on direct appeal); *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶ 14 ("[A] defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on a direct appeal."). Therefore, appellant's assignments of error are not-well taken.

{¶ 13} Moreover, appellant's claims fail on the merits.

{¶ 14} "A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Davis* at ¶ 20, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice is defined as a 'clear or openly unjust act.' Manifest injustice is an extremely high standard, and a defendant may only withdraw his guilty plea in extraordinary cases." *State v. Johnson*, 6th Dist. Lucas No. L-11-1257, 2012-Ohio-4866, ¶ 9, quoting *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 12.

{¶ 15} "The decision of whether manifest injustice occurred is left to the sound discretion of the trial court." *Davis* at ¶ 20, citing *Smith* at paragraph two of the syllabus. Thus, we review the trial court's denial of appellant's post-sentence motion to withdraw his guilty plea under an abuse of discretion standard. *Id.* at ¶ 21. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 16} In this case, appellant argued that he is entitled to withdraw his guilty plea because he suffered ineffective assistance of counsel when trial counsel failed to inform

7.

him that the court was not bound by the agreed upon sentencing recommendation. To prove a claim of ineffective assistance, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 17} Here, appellant has not demonstrated that the results of the proceedings would have been different had trial counsel informed him that the court was not bound by the sentencing recommendation. Indeed, the court itself informed appellant that it was not bound by the sentencing recommendation. Knowing that, appellant affirmed that he wished to go forward with his guilty plea. Thus, we find no merit to appellant's first argument in support of his motion to withdraw his guilty plea.

{¶ 18} Alternatively, appellant argued that the trial court failed to inform him that he could speak in mitigation at his sentencing hearing. However, the record shows that appellant was afforded the right to speak in mitigation, and that appellant exercised this right. Thus, we find no merit to appellant's second argument in support of his motion to withdraw his guilty plea.

{¶ 19} Therefore, because appellant failed to provide any meritorious arguments demonstrating manifest injustice in support of his post-sentence motion to withdraw his guilty plea, we hold that the trial court did not abuse its discretion when it denied appellant's motion.

8.

**{¶ 20}** Accordingly, appellant's first and second assignments of error are not well-taken.

### IV. Conclusion

**{¶ 21}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                JUDGE
Thomas J. Osowik, J.             

                                          _____
Myron C. Duhart, J.                           JUDGE
CONCUR.

                                          _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.